IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Jose Padilla, both individually, and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHC Electric, LLC.<br><br>Defendants. | )<br>)<br>)<br>) Case No. 3:23-cv-913<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S COMBINED CLASS ACTION AND
FLSA COLLECTIVE ACTION COMPLAINT FOR DAMAGES**

Plaintiff, Jose Padilla, both individually, and on behalf of those similarly situated, ("Plaintiff"), brings this this combined Rule 23 class action and FLSA collective action against Defendant SHC Electric, LLC.. ("SHC") Plaintiffs will serve as the representatives for plaintiffs in the Rule 23 class action and FLSA collective action; in support thereof, would show the Court as follows:

**INTRODUCTION**

1. Jose Padilla, individually and on behalf of all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., to recover unpaid overtime wages owed to Plaintiff and all other similarly situated workers employed by SHC.

2. Plaintiff's class action and FLSA collective action claims based upon SHC's class-wide failure to pay employees wages based upon overtime and minimum wage requirements, will be perfect for class and collective action treatment and will be easy to prove. SHC's wage and hour violations will be shown based upon a comparison of its time clock records and the face of pay stubs SHC's issues to its employees. Plaintiffs seek damages for unpaid

wages, liquidated damages, and reasonable attorneys' fees and costs. In addition, Plaintiffs seek compensation for Defendants' Negligence under supplemental jurisdiction theories of recovery.

### JURISDICTION, VENUE, AND PARTIES

3. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b) because the FLSA claim involves federal questions of law. The Court possesses supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same facts and transactions as Plaintiffs' federal claims such that they form part of the same controversy.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants operated their business in Tarrant County, Texas.

5. Jose Padilla is an individual who resides in Dallas, Kansas.

6. Defendant SHC is a corporation organized under the laws of Texas; at all relevant times, it operated its business in Tarrant County, Texas.

### FACTS COMMON TO ALL CLAIMS

7. SHC operates a private for-profit business in the state of Texas.

8. Defendants employs over 30 laborers to residential and commercial electric services.

9. Plaintiffs performed labor at SHC, and they were employed there, respectively, from May 2022 until January 13, 2022.

10. Defendants implemented and mandated numerous policies for its laborers, including Plaintiffs, that violate federal wage laws.

11. All laborers, including Plaintiffs, were required to work more than forty (40) hours in a week.

12. Defendant SHC is an employer as defined by 29 U.S.C. § 203(d); Defendant had and has employees subject to the provisions of 29 U.S.C. § 206. SHC is a for-profit business with in excess of fifty (30) employees and gross revenues far in excess of $500,000 per year. In addition, SHC traffics in interstate commerce in that it advertises its services on the web, and it sells products that have trafficked in interstate commerce, including: electrical tools.

13. SHC currently employs in excess of thirty (30) laborers, and SHC has a high rate of turnover for its employees. Accordingly, on information and belief, the class/collective membership would include more than seventy (60) employees.

14. Plaintiffs and members of the proposed collective/class are not exempt workers under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiffs bring this collective action for themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, liquidated damages and other damages related to Defendant's violation of the FLSA. Attached as Exhibit A which are executed Consent to Join Collective Action; Ex. A are incorporated herein.

16. Plaintiffs pursues the requested relief on behalf of the following proposed Collective:

    All individuals who currently work, or have worked, for Defendants, who have been deprived of overtime and minimum wage by virtue of not being paid by SHC time and a half their base salary for hours worked over forty (40) in a week

17. Plaintiffs are members of the collective she seeks to represent, because he was denied overtime wages earned during his week by virtue of the fact that he was paid the same wage for all hours worked in a work week; including the hours worked over forty (40).

18. This action may be properly maintained as a collective action because Plaintiffs and the members of the collective are similarly-situated.

19. Plaintiffs estimate that the collective, including both current and former employees over the relevant period, will include at least fifty (60) members. The precise number of Collective Members should be readily available from Defendant's personnel, scheduling, time records, and from input received from the collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). Given the composition and size of the Collective, its members may be informed of the pendency of this action directly via U.S. mail and via electronic mail.

20. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## COUNT I: VIOLATIONS OF THE FLSA

21. Plaintiff incorporates paragraphs 1-20 above as par. 21 herein.

22. Plaintiff began working for SHC in or before May 2022 until January 13, 2023.

23. At all times, Plaintiff held the same position with SHC, he was a general. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform and assist in performing electrical repairs and installations, among other tasks, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

24. Defendants were paying Plaintiff an hourly wage of approximately $18.00 per hour.

25. On information and belief, Plaintiff and all members of the proposed class were paid less than the prevailing overtime and minimum wages.

26. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 50 hours per week.

27. Plaintiff was paid their wages on a(n) biweekly basis.

28. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

29. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

30. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

31. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

32. Plaintiff's unpaid weekly damages are representative of members of the proposed class.

33. As a result of Defendant's unlawful conduct, Plaintiff and the collective are entitled to actual and compensatory damages, including any unpaid minimum wages and overtime that should have been paid but were not paid.

34. Defendant failed to act reasonably to comply with the FLSA, and as such, Plaintiff and the collective are entitled to an award of liquidated damages in an amount equal to the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

35. Plaintiff and the collective are also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

36. For Plaintiff alone, Defendant failed to properly pay wages to Plaintiff in an amount in excess of $3,240.00.

37. Defendant's failure to pay Plaintiff and the collective proper minimum and overtime wages was a willful violation the FLSA. Defendant knew that its workers were unlawfully being deprived of wages, and that it is not a common practice in any U.S. industry to charge workers for the opportunity of a day's pay.

38. Plaintiff and members of the proposed class are also entitled to recover unpaid overtime wages to the extent any of them worked in excess of forty hours per week, and such damages shall equal the difference between one-and-a-half times the prevailing minimum wage and the hourly pay actually received.  Plaintiff and members of the proposed class may seek unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) at least $3,240.00 in damages for Plaintiff alone; (ii) at least $3,240.00 in liquidated damages for Plaintiff alone; (iii) commensurate damages for any members of the proposed collective who opt-in to this lawsuit; and (iv) Plaintiff's attorney's fees and costs, to be determined.

39. Plaintiff has retained the law firm of Justicia Laboral LLC to represent her in this action. Plaintiff entered into a valid contract with Justicia Laboral LLC and has appointed the undersigned counsel to be his/her agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to her attorneys in this suit, all communications concerning this suit must be made by Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorneys' fees that Plaintiff is entitled to collect against Defendants pursuant to 29 U.S.C. § 216(b).

### COUNT II: VIOLATION OF TEXAS REVISED CODE CHAPTER 61 SECTION 61.051

40. Plaintiffs incorporates by reference Paragraphs 1-39, as if set forth in full herein for this Paragraph 40.

41. This count arises from Defendants' violation of the Texas Revised Code, by failing to pay Plaintiff earned wages.

42. Defendant's failure to pay Plaintiff the Texas mandated earned commission wage is a

violation of the Texas Labor Code.

43. Pursuant to the Texas Labor Code, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $25,409.55.

44. In additional Defendants' violation of the Texas Revised Code was willful, and thus Plaintiff is entitled to recover liquidated damages pursuant to the Texas Labor Code totaling $25,409.55.

## Request for Relief

**WHEREFORE**, Plaintiff respectfully prays for an Order:

a. Requiring Defendants to file with the Court and provide to Plaintiffs' counsel a list of all names and current (or best known) home addresses and email addresses of all individuals who currently work or have worked for Defendant as a waitress during the three years prior to the filing of this Complaint;

b. Certifying this case as a Collective Action;

c. Authorizing Plaintiff's counsel to issue a notice informing collective members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

d. Issuance of a declaratory judgment that the practices complained of in this Collective Action are unlawful;

e. Finding that Defendants willfully violated the applicable wage provisions of the FLSA and by failing to pay all required wages to Plaintiff and Collective Members;

f. All damages available under the Texas Revised Code, including all unpaid wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

g. Granting judgment in favor of Plaintiffs and the Collective Members on their FLSA claims;

h. Awarding compensatory damages to Plaintiffs and the Collective Members in an amount to be determined;

i. Awarding pre-judgment and post-judgment interest to Plaintiffs and the Collective Members;

j. Awarding liquidated damages to Plaintiffs and the Collective Members;

k. Awarding all costs and reasonable attorney's fees incurred prosecuting the claims;

l. Awarding reasonable incentive awards to the Named Plaintiffs to compensate them for the time and effort they have spent and will spend protecting the interest of other Collective Members, and the risks they are undertaking;

m. Awarding appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

n. Awarding any further relief the Court deems just and equitable; and

o. Granting leave to add additional case plaintiff(s) by motion, the filing of written consent forms, or any other method approved by the Court.

**Plaintiff(s) request trial by jury for all counts where allowed**

s/  James M. Dore

**Justicia Laboral LLC**
**James M. Dore**
Texas Bar No. 24128272
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL 60646
P: 773-415-4898
E: jdore@justicialaboral.com
